UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| JAMES F. AND RAMONA L. RICE, ) | Case No. 08-31639 |
| ) | |
| Debtors. ) | Hon. Carol A. Doyle |
| ) | Hearing Date: January 16, 2013 |
| ) | Hearing Time: 10:30 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:            Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:     Estate

Date of Order Authorizing
Employment:                   December 16, 2008

Period for Which
Compensation is sought:       December 16, 2008 to Close of Case

Amount of Fees sought:        $1,844.00

Amount of Expense
Reimbursement sought:         $0.00

This is an:   Interim Application __     Final Application  **X**

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $0.00   .

Dated: November 19, 2012            Joseph A. Baldi, Trustee of the Estate of
                                    James F. and Ramona L. Rice

                                    By:  ____/s/Joseph A. Baldi, Trustee_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JAMES F. AND RAMONA L. RICE, | ) | Case No. 08-31639 |
| | ) | |
| Debtors. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Time: January 16, 2013 |
| | ) | Hearing Date: 10:30 A.M. |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of James & Ramona Rice ("Debtors"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,844.00 as final compensation for services rendered as trustee in this case from December 16, 2008 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1.   Debtors commenced this case on November 19, 2008 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.   Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.   As of the commencement of this case, the Estate's primary asset was the interest in an unscheduled personal injury case ("PI Case") filed by James F. Rice pre-petition on June 6, 2005 which was docketed in the Circuit Court of Cook County as Case No. 2005-M5-000995 (the "Lawsuit").

4.   The bar date for filing claims in this case was November 12, 2010.

**Prior Compensation**

5.   This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.   Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

**Services Rendered by Trustee**

7.   Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.   Trustee reviewed and analyzed the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs; Trustee conducted an examination of the Debtors pursuant to Section 341 of the Code ("the 341 Meeting"); Trustee concluded the 341 Meeting and filed a No Asset Report on January 8, 2009; thereafter, the case was closed and the Debtors were discharged;

(In April 2010, the Debtors filed an Amended Schedule B and C and the Debtors filed a Motion to Reopen the case; on April 20, 2010, the Court entered an order (i) reopening this case and (ii) granting leave for the Debtors to file their Amended Schedule B and C to list the PI Case and to assert an exemption therein. Trustee was reappointed as trustee in this case by the United States Trustee on May 5, 2010.)

B.   Trustee investigated the PI Case and the Estate's interest in and the value of the Lawsuit; Trustee determined that the Debtors' claimed exemption in the PI Case was too high and not valid; accordingly, the Trustee directed his attorneys to file an objection to the claimed exemption; the Court granted the Trustee's objection and, as

a result, the Debtors' claimed exemption was reduced from the invalidly high amount of $30,000.00 to an allowed amount of $15,000.00;

    C. Upon resolution of the Trustee's objection to the claimed exemption in the PI Case, Trustee pursued resolution of the Lawsuit; prior to the reopening of the case and despite the Estate's interest in the PI Case, the Debtors settled a portion of the Lawsuit without bankruptcy court approval ("First Settlement"); Trustee analyzed the First Settlement and the remaining claims in the Lawsuit; Trustee negotiated with remaining defendant in the Lawsuit for a settlement and ultimately received a satisfactory settlement offer; as part of the First Settlement (i) Debtors attorney, who was retained pre-petition ("Special Counsel") and whose retention was not approved by the Bankruptcy Court, received contingency fees in the First Settlement proceeds and expenses and (ii) Debtors received the balance of the funds from the First Settlement; Trustee negotiated with the Debtors and the Special Counsel for recovery of the Estate's interest in the First Settlement proceeds; ultimately, Trustee reached a reasonable resolution of all open issues and directed his attorneys to file a motion to approve a global compromise of the PI Case and the Lawsuit, including a recovery of a portion of the First Settlement proceeds; upon this Court's order dated July 7, 2011 ("Settlement Order"), the Trustee settled the Estate's claims in the PI Case and recovered proceeds of $10,940.00 which was net of the Debtors' claimed exemption in the proceeds;

    D. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

    E. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

F. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

G. Trustee reviewed, examined and verified the proofs of claim filed against the Estate; and

H. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $10,940.02 on behalf of the Estate. Trustee has made $1,007.77 in disbursements in this case as of the date hereof. The foregoing amounts exclude the $15,000.00 retained by the Debtors on account of their allowed exemption pursuant to the Settlement Order.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 17.00 hours rendering services on behalf of this Estate with a value of $4,163.50. Trustee estimates that he will spend, *at a minimum*, an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $1,844.00 as follows:

        25% of the first $5,000.00        $1,250.00

        10% of the next $5,940.02       <u>$594.00</u>

        Maximum allowable compensation  $1,844.00

As set forth in Paragraph 8, the money (i.e. $15,000.00) authorized to be retained by Debtors on account of the allowed exemption in the proceeds of the First Settlement was excluded from the calculation of the maximum allowable compensation as set forth above.

    12.    Based upon the caliber of the services rendered by Trustee, the skill and speed at which the Trustee administered this case, and the results achieved, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $1,844.00.

    13.    The amount requested represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above. Pursuant to Section 330(a)(7), the Court shall treat Trustee compensation under Section 326 as a commission.

    14.    An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit C.

    15.    Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

    16.    The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

    17.    Trustee has completed and filed his Final Report simultaneously herewith. A final fee application for the Trustee's Attorneys has also been filed concurrently with this Application.

18. After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to timely filed general unsecured creditors.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of James and Ramona Rice requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $1,844.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from December 16, 2008 through the closing of this case;

B. For such other and further relief as this Court deems appropriate.

Dated: October 31, 2012            Joseph A. Baldi, as trustee of the estate of James
                                   F. and Ramona L. Rice, debtors

                                   By:_____/s/ Joseph A. Baldi_____

Joseph A. Baldi
Attorney I.D. No. 00100145
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

**Trustee's Itemized Billing Statements**

Exhibit A

**Baldi Berg & Wallace, Ltd.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067

**FEIN:** 36-4352753

**Invoice submitted to:**

October 31, 2012
Invoice No:   02115

Joseph A. Baldi, trustee
Baldi Berg & Wallce, Ltd.
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**   Rice - Trustee

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 8/10/2010 | JAB | Teleconference with attorney for pi clams, negotiate settlement of issues in case, approval of pending settlement, waiver of fees. 1.0) Prepare and send e-mail to debtor's attorney re issues in case, suggestion that debtor's attorneys fees be returned. telephone call to UST re same and review of proposal to settle. (1.5 | 2.50 $425.00/ hr | $1,062.50 |
| 9/15/2010 | JAB | Review and respond to e-mails from Benjamin re refund of fees, who to be paid. telephone call to PI attorney re settlement. | 0.60 $425.00/ hr | $255.00 |
| 1/25/2011 | RKP | Prepare forms as required for submission to UST for annual report | 1.00 $190.00/ hr | $190.00 |
| 4/18/2011 | RKP | Meet with trustee re: first quarter review | 0.20 $190.00/ hr | $38.00 |
| 7/08/2011 | JAB | Confer with RKP on follow up on settlement. | 0.30 $425.00/ hr | $127.50 |
| 8/29/2011 | RKP | Review case status and prepare update for meeting with J. Baldi | 0.10 $190.00/ hr | $19.00 |
| 9/16/2011 | JMM | Entered Check into TCMS(0.1) & Processed delivery of Check via FedEx (0.1) | 0.20 $75.00/ hr | $15.00 |
| 10/11/2011 | RKP | Reconcile estate bank accounts (August 2011) | 0.10 $190.00/ hr | $19.00 |
| 10/13/2011 | RKP | Reconcile estate bank accounts (September 2011) | 0.10 $190.00/ hr | $19.00 |

**Baldi Berg & Wallace, Ltd.**                                                              10/31/2012

Rice - Trustee                                                                              Page    2

| Date | Initials | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 10/17/2011 | JMM | Entered Check into TCMS(0.1) & Processed delivery of Check via FedEx (0.1) | 0.20<br>$75.00/ hr | $15.00 |
| 10/18/2011 | RKP | Meet with Trustee re: issues to close case and attorneys fee refund (.2); phone call to J. Grazian re: same (.1). | 0.30<br>$190.00/ hr | $57.00 |
| 10/24/2011 | RKP | Letter to G. Wein re: transmittal of estate TIN for issuance of settlement check | 0.10<br>$190.00/ hr | $19.00 |
| 11/17/2011 | JMM | Entered Check into TCMS(0.1) & Processed delivery of Check via FedEx (0.1) | 0.20<br>$75.00/ hr | $15.00 |
| 11/22/2011 | RKP | Perform reconciliation of Estate bank accounts for October 2011 | 0.10<br>$190.00/ hr | $19.00 |
| 12/14/2011 | RKP | Reconcile estate bank accounts | 0.10<br>$190.00/ hr | $19.00 |
| 1/26/2012 | JAB | Review case file, update for annual reports. | 0.30<br>$450.00/ hr | $135.00 |
| 1/28/2012 | RKP | Update trustee system with information needed for form 1 and 2 to be filed with the court | 0.30<br>$195.00/ hr | $58.50 |
| 2/06/2012 | RKP | Review bond invoice, allocate premium per Estate based upon funds on hand, prepare distribution check | 0.10<br>$195.00/ hr | $19.50 |
| 3/07/2012 | JAB | Review bank statements, update financial records | 0.10<br>$450.00/ hr | $45.00 |
| 3/12/2012 | RKP | Perform account reconciliation for February 2012. | 0.10<br>$195.00/ hr | $19.50 |
| 4/12/2012 | JMM | Process March 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 5/08/2012 | JMM | Review Bank Statement & Reconcile Bank Account | 0.20<br>$85.00/ hr | $17.00 |
| 5/15/2012 | JMM | Deposit Check into TCMS (.2) & Send deposit to Congressional via Fed-Ex (.2) | 0.40<br>$85.00/ hr | $34.00 |
| 6/11/2012 | JMM | Process May 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$85.00/ hr | $17.00 |
| 8/07/2012 | JMM | Process June 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 8/27/2012 | JMM | Process July 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 9/27/2012 | JMM | Look for Speciality Risk of America Claim in JAB's Bank Accounts (.3), Print off W9 Form & Email to Amanda @ SROA (.3) | 0.60<br>$125.00/ hr | $75.00 |

**Baldi Berg & Wallace, Ltd.**                                   10/31/2012

Rice - Trustee                                                    Page    3

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 9/27/2012 | JMM | Process August 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 10/05/2012 | JMM | Process September 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/ hr | $25.00 |
| 10/23/2012 | RKP | Review case file for information needed to prepare TFR and related documents (.5); update system information for preparation of TFR (.1.2); review payments received by Debtor and order directing payments (.1). | 1.70<br>$195.00/ hr | $331.50 |
| 10/31/2012 | JAB | Review, edit and execute TFR and related documents | 1.00<br>$450.00/ hr | $450.00 |
| 10/31/2012 | RKP | Prepare Trustee fee application (1.3); prepare affidavit, proposed order and coversheet (.3); update system with information needed to prepare TFR (1.0); prepare TFR (.8); prepare NFR (.5); review and edit TFR and related documents (1.0). | 4.90<br>$195.00/ hr | $955.50 |

                                    Total Hours    17.00    Total Fees    $4,163.50

**Baldi Berg & Wallace, Ltd.**

Rice - Trustee

10/31/2012

Page 4

$4,163.50

$0.00

$4,163.50

## Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 3.40 | $425.00 |
| Joseph A Baldi | 1.40 | $450.00 |
| Jason M Manola | 0.60 | $75.00 |
| Jason M Manola | 1.00 | $85.00 |
| Jason M Manola | 1.40 | $125.00 |
| Ricki K Podorovsky | 2.10 | $190.00 |
| Ricki K Podorovsky | 7.10 | $195.00 |

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JAMES F. and RAMONA L. RICE, | ) | Case No. 08-31639 |
| | ) | |
| Debtors. | ) | Hon. Carol A. Doyle |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg & Wallace, Ltd. a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on November 19, 2012.

_____
Notary Public

**Exhibit B**